UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRISTAL BURGMAN;<br>HASON SIMON,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO; COSTCO WHOLESALE<br>CORP.; KAREN E. MURAD et al.,<br><br>Defendants. | Civil Action No. 19-15834 (KM) (MAH)<br><br><br><br>REPORT AND RECOMMENDATION |

**I.    INTRODUCTION**

This matter is presently before the Court on the motion of Plaintiffs, Cristal Burgman and Hashon Simon, to remand this action to the Superior Court of New Jersey, Law Division, Essex County. *See* Plaintiffs' Motion to Remand, Aug. 15, 2019, D.E. 6. Also before the Court is Defendants Costco and Costco Wholesale Corporation's ("Costco")[1] motion to sever the claims against Defendant Karen Murad. *See* Costco's Cross-Motion to Sever and Opposition to Plaintiffs' Motion to Remand, Sept. 3, 2019, D.E. 7. The Honorable Kevin McNulty, U.S.D.J., referred these motions to the Undersigned for a Report and Recommendation. This Court has considered these motions on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth herein, the Court respectfully recommends

---

[1] Although the Complaint names both Costco and Costco Wholesale Corporation as defendants, it does not explain whether there is any substantive difference between them. The Petition for Removal refers only to Costco Wholesale Corporation. *See* Petition for Removal, July 26, 2019, D.E. 1, ¶ 5 & Exh. A (Complaint). Additionally, in the briefing on the motions and supplemental submissions, neither party argued that Costco and Costco Wholesale Corporation are distinct entities.

that the District Court: (1) grant Plaintiffs' motion to remand; (2) deny Costco's motion to sever Plaintiffs' claims against Ms. Murad; and (3) remand this matter to the Superior Court of New Jersey, Law Division, Essex County.

## II.     BACKGROUND

Plaintiffs are New Jersey residents living in East Orange, New Jersey. Compl., D.E. 1, Exh. A, at 1. Costco is a Washington corporation with its principal place of business in Issaquah, Washington. Pet. for Removal, D.E. 1, ¶ 5. Karen E. Murad, also plead as E. Murad Karen, ("Ms. Murad") is a New Jersey citizen. Motion to Remand, D.E. 6, ¶ 4.

The Complaint seeks relief for two distinct accidents involving distinct defendants and occurring on different dates. First, Ms. Burgman alleges that she slipped and fell on the floor of the walkway to the public restrooms in Costco's Union Township store on July 30, 2017. Compl., Exh. A to Pet. For Removal, D.E. 1, at ¶ 2. Ms. Burgman asserts that she suffered severe and permanent injuries as a result of Costco's negligence. *Id*., Count 1, ¶¶ 9-10, Count 2, ¶¶ 8-9, Count 3, ¶¶ 8-9.

Second, Ms. Burgman alleges that, on April 20, 2018, she and Ms. Murad were involved in a motor vehicle accident in Newark, New Jersey. *Id.*, Count 4, ¶¶ 2, 4. Ms. Burgman avers that she sustained severe and permanent injuries as a result of Ms. Murad's negligence. *Id.* Plaintiffs also allege a per quod claim on behalf of Ms. Burgman's husband, Hashon Simon. *Id.*, Count 6. The Complaint does not suggest, nor has any party provided any reason to believe, that Ms. Murad is affiliated with Costco in any way, or that Ms. Burgman's alleged accident at Costco is causally related to the motor vehicle accident with Ms. Murad.

On July 15, 2019, Plaintiffs commenced this action in the Superior Court of New Jersey, Law Division, Essex County, against both Costco and Ms. Murad. *See* Civil Case Information

Statement, D.E. 1, at 19.  Plaintiffs effectuated service on Costco through Costco's registered agent on July 17, 2019.  Petition for Removal, D.E. 1, ¶ 1.  Plaintiffs served Ms. Murad on July 23, 2019.  Motion to Remand, Exh. 1 to Certification of Counsel, D.E. 6-3.

On July 26, 2019, Costco removed this case to federal court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  *See* Notice of Removal, D.E. 1-1.  In the Petition for Removal, Costco contended that the amount in controversy exceeds $75,000.00 and that Plaintiffs are citizens of the State of New Jersey, while Costco is a Washington Corporation.  Pet. for Removal, D.E.1, at 2, ¶ ¶ 4-5.  However, Costco failed to allege Ms. Murad's citizenship, or that Ms. Murad had consented to removal.  *See generally* Pet. for Removal, D.E.1.

On August 15, 2019, Plaintiffs subsequently moved to remand this matter to the Superior Court of New Jersey, Law Division, Essex County.  Mot. to Remand, D.E. 6.  On September 3, 2019, Costco filed a cross-motion to sever the claims against Ms. Murad.  Defendants' Cross-Motion to Sever and Opposition to Plaintiff's Motion to Remand, D.E. 7.  On September 6, 2019, Plaintiffs replied to Costco's cross-motion.  Reply to Opposition, D.E. 8.  After the motions were fully briefed, it remained unclear whether Ms. Murad had consented to removal as required by 28 U.S.C. § 1446(b)(2)(A).  Accordingly, the Court requested Defense counsel address, by way of a certification, whether Ms. Murad had consented.  D.E. 10.  In the duly filed certification, Defense counsel conceded that Ms. Murad did not consent to removal to this Court.  Certification of Lawrence M. Berkeley, Esq., Nov. 4, 2019, D.E. 11, at ¶ 6.  Costco, nonetheless, argues that its failure to obtain Defendant Murad's consent does not violate the rule of unanimity because the Removal Petition fits within two of the three recognized exceptions.  *Id.* at ¶¶ 4, 5, 7.  Specifically, Costco asserted that Defendant Murad is a nominal party, and its removal fits within the non-

3

service exception because Defendant Murad has failed to enter an appearance or file an answer. *Id.*

### III. ANALYSIS

As an initial matter, the Court notes that a decision to remand is dispositive. *In re U.S. Healthcare,* 159 F. 3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court."). Accordingly, this Court addresses the motions via this Report and Recommendation.

#### A. Removal

Removal of a civil case to federal court is governed by 28 U.S.C. § 1441. A defendant may remove an action brought originally in state court only if the plaintiff could have filed the complaint within the original jurisdiction of the federal court. *See* 28 U.S.C. § 1441(b). A federal court lacking subject matter jurisdiction over a case must remand the matter back to state court. 28 U.S.C. § 1447(c); *see also Farina v. Nokia, Inc.*, 625 F.3d 97, 114 (3d Cir. 2010) (noting that federal courts can neither proceed without subject matter jurisdiction, nor can a party waive a lack of jurisdiction). The party asserting federal jurisdiction by way of removal bears the burden of establishing that subject matter jurisdiction exists at all stages in which the case is properly before the federal court. *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Section 1441 is to be construed strictly and all doubts must be resolved in favor of remand. *See id.* (stating that courts construe § 1441 strictly to honor "the Congressional intent to restrict federal diversity jurisdiction"); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).

When jurisdiction is predicated on diversity of citizenship under § 1332, it "requires satisfaction of the amount in controversy requirement as well as complete diversity between the

parties, that is, every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006); *see also* 28 U.S.C. § 1332(a)(1) (stating that subject matter jurisdiction exists where "matter in controversy exceeds the sum or value of $ 75,000" and the parties are "citizens of different states"). In most cases, if any plaintiff and any defendant share citizenship, complete diversity will be defeated. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374-75 (1978); *Grand Union Supermarkets of the Virgin Isl., Inc., v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003).

### B. The Parties' Arguments

Plaintiffs contend that Costco's removal is improper because there is a lack of complete diversity between the parties, in that Plaintiffs and Ms. Murad are citizens of New Jersey.[2] Motion

---

[2] Plaintiffs also argue that removal was procedurally defective under 28 U.S.C. § 1446(b)(2)(A) because Costco did not obtain the consent of Ms. Murad before removing the action to this Court. Because the Court recommends against application of the doctrine of fraudulent misjoinder, this issue is largely moot. Nevertheless, the Court addresses it below in the interests of completeness.

Ms. Murad has not appeared in this matter, through counsel or otherwise. Costco concedes that Ms. Murad's attorney refused to consent to removal. Certification of Lawrence M. Berkeley, Esq., Nov. 4, 2019, D.E. 11, ¶¶ 5-8 ("Berkeley Certif."). However, Costco maintains that it was not required to obtain Ms. Murad's consent because this matter falls within two of the exceptions to the rule of unanimity. First, Costco argues that Ms. Murad is a nominal party. *Id.* at ¶ 7. But "[n]ominal parties are generally those without a real interest in the litigation[,]" *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991), or who will not be liable on an adverse judgment. *Michaels v. New Jersey*, 955 F. Supp. 315, 320 (D.N.J. 1996). Whether Ms. Murad is nominal to Plaintiffs' claims against Costco is not the proper inquiry. The proper inquiry is whether Plaintiffs' claims against Ms. Murad are themselves nominal—*i.e.*, whether Ms. Murad has a real interest in the litigation. *Michaels*, 955 F. Supp. at 320. Ms. Burgman alleges that Ms. Murad's negligence caused the automobile accident that, in turn, caused Ms. Burgman to sustain severe and permanent injuries. Accordingly, the Court cannot find that Ms. Murad is a nominal party.

Second, Costco argues that because Ms. Murad had not appeared or answered the Complaint, removal was proper under the non-service exception to the rule of unanimity. Berkeley Certif. at ¶¶ 4-5. Costco relies on *Lewis v. Rego Co.*, 757 F.2d 66 (3d Cir. 1985). In *Lewis,* the removal petition stated that no appearance had been made on behalf of a particular

5

to Remand, Certification of Counsel, Aug. 15, 2019, D.E. 6-2, ¶¶ 4-11.  In response, Costco argues that the claims against Ms. Murad should be severed because she was misjoined.  Brief in Support of Cross-Motion to Sever, D.E. 7-1, at 4.  Based on Federal Rules of Civil Procedure 19, 20, and 21, Costco contends that Plaintiffs' joinder of her claims against Ms. Murad was improper because Ms. Burgman's two accidents are wholly unrelated and do not involve common questions of law or fact.  *Id.* at 5-13.  In short, Costco's primary argument amounts to a request that this Court apply the doctrine of fraudulent misjoinder.

### C. Analysis

To avoid gamesmanship, courts have developed exceptions to the complete diversity rule.  It is well settled in the Third Circuit that a removing defendant may avoid remand by demonstrating

---

defendant.  The Third Circuit was concerned that language left open the possibility that defendant might have been served but simply not appeared in the action.  *Id.* at 68-69.  Had that been the case, the Third Circuit suggested that defendant would had to have joined in the removal petition.  Nonetheless, the Third Circuit found that the removal qualified for the non-service exception because all defendants who had been served when defendant filed the removal petition, had joined in the removal.  But *Lewis* does not support the proposition that a removing defendant is excused from obtaining the consent of a co-defendant who has been served but not appeared.  Indeed, in *Collins v. American Red Cross*, the court noted that "[t]he Court in *Lewis* did not hold, and it does not follow, that a defendant who has been served but who has not had an appearance entered on its behalf is exempt from the joinder requirement under the exception based on an absence of service . . . ."  724 F. Supp. 353, 360 (E.D. Pa. 1989).  *See also Brown v. Sarubbi*, Civ. No. 06-1634 (JBS), 2006 WL 2014227, at *3 (D.N.J. July 18, 2006) ("*Lewis* did not extend the non-service exception to parties that had yet to enter an appearance.").  Accordingly, *Lewis* is readily distinguishable.  In this case, both Costco and Ms. Murad had been served before Costco removed the case to this Court.

The final exception to the unanimity requirement under § 1446(b)(2)(A) applies when a defendant has been fraudulently joined.  *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995).  Costco did not specifically raise this exception in addressing the lack of unanimous consent, although its motion to sever did argue misjoinder of Ms. Murad.  In any event, this argument is unavailing, as the Court has already determined that Plaintiffs did not fraudulently join Ms. Murad, and has recommended that the District Court not apply the fraudulent misjoinder doctrine.

that the non-diverse party was fraudulently joined. The Eleventh Circuit, and some district courts within and outside of the Third Circuit, have also held that a removing defendant may avoid remand by establishing fraudulent misjoinder. *See*, *e.g.*, *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot Inc.*, 204 F.3d 1072 (11th Cir. 2000); *In re Fosamax Prods. Liab. Litig.*, No. 11-3025, 2012 WL 1118780, at *3 (D.N.J. Apr. 3, 2012). The fraudulent joinder and fraudulent misjoinder doctrines are distinct in that they seek to remedy separate deficiencies where it appears that a party has been joined solely to defeat diversity jurisdiction: "Whereas fraudulent joinder focuses on the substantive deficiencies of a claim against a joined party, fraudulent misjoinder focuses on procedural deficiencies of a party's joinder." *In re Fosamax Prods. Liab. Litig.*, 2012 WL 1118780, *2 (citing *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010)); *see also Breitner v. Merck & Co.,* No. 18-15982, 2019 WL 316026, at *2 (D.N.J. Jan. 24, 2019) ("While fraudulent joinder tests the viability of the claims against the defendant, fraudulent misjoinder tests the procedural basis of a party's joinder.") (quoting *Vanny v. Bristol-Myers Squibb Co. (In re. Plavix Prod. Liab. & Mktg. Lit.)*, No. 3:13-2418, 2014 WL 4954654 (D.N.J. Oct. 1, 2014)); *In re Paulsboro Derailment Cases*, Civ. No. 13-5583, 2014 WL 197818, at *3 (D.N.J. Jan. 13, 2014) ("The doctrine of fraudulent misjoinder addresses the charge 'that the joined claims are unrelated and have been improperly joined in one action to destroy diversity.'") (quoting *Kaufman v. Allstate Ins. Co.*, Civ. No. 07-6160, 2010 WL 2674130, at *7 (D.N.J. June 30, 2010)). In this case, Plaintiffs allege negligence claims against Ms. Murad that appear, based on the face of the Complaint, to be viable. Plaintiffs allege that on April 20, 2018, Ms. Murad's negligent operation of an automobile caused the motor vehicle accident with Ms. Burgman that, in turn, caused Ms. Burgman to suffer severe and permanent injuries. Complaint, Count 4, ¶¶ 2, 4. *See also id*. at Count 6 (per quod claim on

behalf of Mr. Simon).  Accordingly, fraudulent joinder does not apply, and the issue is whether to apply the doctrine of fraudulent misjoinder.

### 1. Fraudulent Misjoinder

The fraudulent misjoinder doctrine was first recognized by the Eleventh Circuit in *Tapscott*.  There, the plaintiff initially brought claims under Alabama state law against a dealership for the sales of service contracts in conjunction with purchased automobiles.  Plaintiff later amended the complaint to assert claims against Lowe's Home Centers Inc. ("Lowe's) regarding sales of extended service contracts in conjunction with the sales of retail products. *Tapscott,* 77 F.3d at 1355.  Lowe's removed the case and then moved to sever the claims against it from the other claims.  Plaintiff cross-moved to remand.  The district court granted the motion to sever, denied the motion to remand as to Lowe's, and remanded the remaining claims.  *Id.*  The district court found "no allegation of joint liability between Lowe's and any other defendant and no allegation of conspiracy," and "held that there was an 'improper and fraudulent joinder, bordering on a sham.'"  *Id.* at 1360 (citation omitted).

On appeal, the plaintiff argued that simple misjoinder did not constitute fraudulent joinder such as to allow the court to disregard the citizenship of the non-diverse party.  *Id.*  The Eleventh Circuit rejected that argument, finding that "[t]he only similarity between the allegations made in the 'automobile' class and the 'merchant' class" are that the defendants violated overlapping provisions of the Alabama code.  *Id.*  Accordingly, the Eleventh Circuit held that "[m]isjoinder may be just as fraudulent as the joinder of a resident defendant against whom the plaintiff has no possibility of a cause of action." *Id.*

Although the Eleventh Circuit found that the lack of any connection between the automobile class and the Lowe's class was sufficiently egregious as to constitute fraudulent

joinder, the court emphasized that "[w]e do hold that mere misjoinder is fraudulent joinder, but we do agree with the district court that Appellants' attempt to join these parties is so egregious as to constitute fraudulent joinder." *Tapscott*, 77 F.3d at 1360. Thus, the Eleventh Circuit, as well as courts subsequently interpreting *Tapscott*, have made clear that "mere misjoinder is not 'fraudulent' joinder." *Pennsylvania Employees benefit Trust Fund v. Eli Lily & Co. Inc.*, No. 07-2057, 2007 WL 2916195, *10 (E.D. Pa. Oct. 5, 2007). Instead, there must be some "egregious" conduct, *i.e.*, the misjoinder must be "grossly improper" or "collusive and would fail to serve any legitimate purpose of fairness or judicial economy." *In re Fosamax Prods. Liab. Litig.*, No. 11-3025, 2012 WL 1118780, at *3 (D.N.J. Apr. 3, 2012).

The Third Circuit has neither adopted nor rejected the fraudulent misjoinder doctrine. *See Breitner*, 2019 WL 316026, at *3; *Kimmel v. Vitale*, No. 18-3345, 2018 WL 4922733, at *2 (D.N.J. Sept. 7, 2018). Within this District, two courts have applied the doctrine, but most courts have declined to do so. Additionally, the courts that have applied it the doctrine did so in the pharmaceutical context. *Compare Breitner*, 2019 WL 316026, at *4 (finding fraudulent joinder where there was egregious misjoinder); *In re Fosamax*, 2012 WL 1118780, at *3 (finding fraudulent joinder where there was egregious misjoinder) *with In Re Plavix Prod. Liab. & Mktg. Litig.*, 2014 WL 4954654, at *11 (collecting cases declining to apply fraudulent misjoinder doctrine). An examination of those some of those decisions is instructive.

In *In re Fosamax Products Liability Litigation*, ninety-one plaintiffs from twenty-eight different states brought various state law claims based on products liability theories, and for failure to warn, against several pharmaceutical corporations after the plaintiffs sustained "long bone" fractures as a result of taking Fosamax. 2011 WL 1118780, at *1. Defendant Merck Sharpe & Dohme Corp. ("Merck") removed the action to federal court on the basis of diversity jurisdiction.

9

*Id.* Plaintiffs filed a motion to remand, arguing that complete diversity was lacking, whereas Merck maintained that the plaintiffs' claims had been fraudulently misjoined, because certain of the plaintiffs shared citizenship with Merck. *Id.* at *2.

The Court found that "[w]hile fraudulent misjoinder had not been universally accepted, the doctrine is particularly relevant to large pharmaceutical product liability actions." *Id.* at *3 (citing *In re. Diet Drugs Products Liability Litigation*, No. 98-20478, 1999 WL 554584, at *3 (E.D. Pa. July 16, 1999)). The Court established a two-part test for determining whether there was fraudulent misjoinder. First, the court considered whether the claims had been misjoined, and then determined whether the misjoinder was egregious. *Id.* at *4-5. The Court found that the claims had been misjoined "where 91 Plaintiffs allege unspecific injuries as to make it impossible to determine how the Plaintiffs share any connection." *Id.* at *4. The Court found that the joinder was egregious because although the complaint involved ninety-one plaintiffs from twenty-eight states, only three plaintiffs were from the state where the action was brought, and none of the non-resident plaintiffs had any connection to that state. *Id.* at *5.

In *Breitner*, eighty-nine plaintiffs – five of whom were from New Jersey – brought products liability claims against Merck, a New Jersey corporation. 2019 WL 316026, at *1. In opposing plaintiffs' motion to remand, Merck argued that the five plaintiffs were fraudulently misjoined. *Id.* Plaintiffs alleged in their complaint that they had received the Zostavax vaccine and thereafter, contracted a strain of shingles or herpes zoster. *Id.* at *4. Applying the two-step test articulated by the court in *In re Fosamax Products Liability Litigation*, the Court found that: (1) the plaintiffs had been misjoined under either Rule 20 or N.J. Ct. R. 4:29-1 because the plaintiffs had received the vaccine in different years, in different states, and by different healthcare providers, and therefore could not have been injured as a result of the same transaction or occurrence; and (2) the

10

joinder was egregious because the complaint had been "structured in a way to defeat diversity jurisdiction" since only five of the eighty-nine plaintiffs were from New Jersey. *Id.*

In *In re Diet Drugs*, eleven plaintiffs from seven different states filed an action in state court. *In re Diet Drugs*, 1999 WL 554584 at *1. After two defendants removed the case, the plaintiffs sought remand. The plaintiffs argued that there was a lack of complete diversity, because at least one plaintiff and one defendant were residents of the same state. *Id.* at *2. However, defendants Robin and Wyeth contended that certain of the plaintiffs were named in the action for the purpose of defeating diversity jurisdiction. *Id.* The court found that certain plaintiffs had been fraudulently misjoined because the only connection between the plaintiffs was that they had each ingested a diet drug sold by defendants. *Id.* at *3-5. The court determined that plaintiffs' claims had no logical connection, and that the joinder of such "unconnected geographically diverse plaintiffs that present individual circumstances" would "obstruct and delay the adjudication process." *Id.* at *3. The court dismissed the non-diverse defendants from the action. *Id.* at *4.

As the Court in *In re Plavix Prod. Liab. & Mktg. Litig.* observed, however, "an overwhelming number of courts in this district have declined to apply the fraudulent misjoinder doctrine." 2014 WL 4954654, at *11 (collecting cases declining to apply fraudulent misjoinder doctrine). Those courts have generally refused to apply the doctrine in the absence of clear direction from the Third Circuit, and in light of the presumption against the extension of federal jurisdiction. *See Kaufman v. Allstate Ins. Co.*, No. 07-6160, 2010 WL 2674130, *8 (D.N.J. June 30, 2010); *In re Paulsboro Derailment Cases*, No. 13-5583, 2014 WL 197818, *4 (D.N.J. Jan. 13, 2014).

In *In re Plavix*, itself a multi-district pharmaceutical product-liability action, the Court noted that the non-diverse plaintiffs did not allege that they received the drug from the same

11

prescribing physician, or suffered similar injuries, or took the drug for the same condition, or even took analogous doses. *In re Plavix*, 2014 WL 4954654, at *10. The Court noted its concern "with the manner in which seemingly unrelated plaintiffs and non-diverse plaintiffs have joined their claims in single multiple-plaintiff actions." *Id.* However, the Court declined to apply the doctrine. First, the Court observed that the Third Circuit had not adopted the doctrine of fraudulent misjoinder. *Id.* at 11. Second, although the Court acknowledged *Fosamax*, it also noted that District of New Jersey decisions had "overwhelmingly" declined to adopt it. *Id.* (citing *Kaufman v. Allstate Ins. Co.*, Civ. No. 07-6160, 2012 WL 1118780 (D.N.J. Apr. 3, 2012); *Belmont Condo. Ass'n Inc. v. Arrowpoint Capital Corp.*, Civ. No. 11-2900, 2011 WL 6721775, at *7 (D.N.J. Dec. 20, 2011); *In re Paulsboro Derailment Cases*, Civ. No. 13-5583, 2014 WL 197818, at *3-7 (D.N.J. Jan. 13, 2014); *Prudential Ins. Co. of Am. v. Barclays Bank PLC*, Civ. No. 12-5854, 2013 WL 221995, at *10 n.13 (D.N.J. Jan. 22, 2013), *report and recommendation adopted*, 2013 WL 1890279 (D.N.J. May 6, 2013); *Reuter v. Medtronics Inc.*, Civ. No. 10-3019, 2010 WL 4628439, at *5-6 (D.N.J. Nov. 5, 2010), *report and recommendation adopted*, 2010 WL 4902662 (D.N.J. Nov. 23, 2010)).

The *Plavix* Court also noted that nationally, federal courts have been reluctant to adopt the doctrine. *Id.* at 12. The Court agreed with the rationale of those district courts that had refused to recognize the doctrine because it "amounts to an improper expansion of the scope of federal jurisdiction by federal courts." *Id.* (citing *Rutherford v. Merck & Co.*, Inc., 428 F. Supp.2d 842 (S.D. Ill. 2006); *Osborn v. Metro Life Ins. Co.*, 341 F. Supp.2d 1123 (E.D. Cal. 2004)). Whether particular parties belong in the same lawsuit filed in state court, those courts reasoned, is a matter of state civil procedure best decided by the state court. *Id.* As such, "federal courts should hesitate to exercise jurisdiction to determine whether claims are misjoined pursuant to state procedural

rules." *Id. See also Kaufman,* 2010 WL 2674130, at *8 (decline to adopt fraudulent misjoinder doctrine in absence of Third Circuit guidance, and reasoning "that this issue would be better decided in state court, the court in which the parties were originally joined"). Other courts similarly have declined to apply the doctrine because it constitutes an expansion of federal jurisdiction that neither the Supreme Court nor the governing circuit court has endorsed. *See, e.g., Rutherford v. Merck & Co.*, 428 F. Supp.2d 842, 851 (S.D. Ill. 2006) (concluding that United States Supreme Court precedent did not suggest that joinder of non-fraudulent claims involves federal jurisdiction, and that "whether viable state-law claims have been misjoined—even "egregiously" misjoined—is a matter to be resolved by a state court.").

Several courts that have declined to apply the fraudulent misjoinder doctrine have addressed the lack of any clear standards for "egregious" misjoinder. For example, the *Plavix* Court reasoned that the standards were far from clear and the source of significant judicial confusion. *Plavix,* 2014 WL 4954654, at *13. In *In re. Paulsboro Derailment Cases*, the Court questioned whether adding a party to prevent thwart removal based on diversity of citizenship met the standard for egregious misjoinder, and ultimately concluded that there was "nothing 'egregious,' collusive or improper in the addition of [a non-diverse plaintiff] to the complaint, even if it was done with the intention of preventing removal." 2014 WL 197818, at *4.

This Court respectfully recommends that the District Court decline to adopt the fraudulent misjoinder doctrine. First, absent guidance or endorsement of the doctrine by the Third Circuit, it is entirely unclear whether that Court would regard the fraudulent misjoinder doctrine as an unwarranted extension of federal jurisdiction. Many courts have suggested that it is for the state court, where the case was originally filed, to determine whether the claims have been misjoined. *See Kaufman*, 2010 WL 2674130, at *7 (citing cases). *See also Rutherford*, 428 F. Supp.2d at 851.

That concern is particularly acute given the Third Circuit's admonition that "all doubts should be resolved in favor of remand." *Batoff*, 977 F.2d at 851. Indeed, in *Batoff*, the Third Circuit instructed that the district court should "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Id.* at 851-52. *See In re Plavix Liability and Marketing Litigation,* 2014 WL 4954654, at *13 ("Absent a Third Circuit directive, this Court declines to adopt the fraudulent misjoinder doctrine. As a matter of policy, this approach is prudent in light of the Third Circuit's well-settled principle that the removal statutes should be strictly construed, and all doubts regarding the propriety of removal are to be resolved in favor remand."); *In re Paulsboro Derailment Cases*, 2014 WL 197818, at *4 (declining to adopt fraudulent misjoinder doctrine without pronouncement by Third Circuit, and light of Third Circuit's instructions in *Batoff*); *Kaufman*, 2010 WL 2674130, at *8 ("The Court, without guidance from the Third Circuit, and noting other district courts' reluctance to embrace the *Tapscott* doctrine finds that this issue would be better decided in state court, the court in which the parties were originally joined.").

Second, the standards for what constitutes "egregious" misjoinder are far from settled. Although some district courts have found that joinder of a party to defeat diversity is egregious, other courts have declined to do so, noting the lack of any precedent to support it. *Compare In re Diet Drugs*, 1999 WL 554584, at *3 (finding that joining non-diverse plaintiffs who did not allege similar facts as to how they received or ingested the pharmaceutical product at issue was egregious), *with In re Paulsboro Derailment Case*, 2014 WL 197818, at *4. *See also In re Plavix*, 2014 WL 4954654, at *10 (expressing the Court's concern with joinder of plaintiffs with dissimilar underlying facts, but declining to apply doctrine).

**IV.   CONCLUSION**

For the reasons set forth above, this Court respectfully recommends that the District Court: grant Plaintiffs' motion to remand; (2) deny Costco's motion to sever Plaintiffs' claims against Defendant Murad; and (3) remand this matter to the Superior Court of New Jersey, Law Division, Essex County.

The parties are reminded that they have fourteen (14) days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Civil Rule 7.1(c)(2).

*s/Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

**Date:   November 21, 2019**