UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRISTAL BURGMAN and HASHON SIMON,<br><br>        Plaintiffs,<br><br>v.<br><br>COSTCO, COSTCO WHOLESALE CORP., ABC COMPANY 1-5 (fictitious names), JOHN DOE 1-5 (fictitious names), PAUL POE 1-5 (fictitious names), WIDGET MAINTENANCE COMPANY (fictitious name), ACME MERCHANDISING COMPANY (fictitious name), DEF COMPANY (fictitious name), XYZ COMPANY (fictitious name), DEF CORP. 1-5 (fictitious names), HARRY HOE 1-5 (fictitious names), KAREN E. MURAD, E. MURAD KAREN, JANE DOE (fictitious name), AND JFK COMPANY (fictitious name),<br><br>        Defendants. | Civ. No. 19-15834 (KM)(MAH)<br><br>ORDER |

## Kevin MCNULTY, U.S.D.J.:

**THIS MATTER** having come before the court on plaintiffs' motion (DE 6) to remand this removed case and on the cross-motion of defendants Costco and Costco Wholesale Corp. to sever the claims asserts against defendant Karen E. Murad and opposition to plaintiffs' motion to remand (DE 7); and

**IT APPEARING** that the Hon. Michael A. Hammer, Jr., U.S. Magistrate Judge, to whom the motion was referred, carefully analyzed the case and filed a Report and Recommendation ("R&R") that the motion be denied (DE 14); and

**IT APPEARING** that no objection to the R&R has been filed, see Fed. R. Civ. P. 72(b); L. Civ. R. 72.1c(2); and

**THE COURT** having reviewed the R&R *de novo* despite the lack of an objection; and

**IT APPEARING** that federal jurisdiction in this action is predicated on diversity of citizenship under 28 U.S.C. § 1332(a); and

**IT APPEARING** that, as noted in the R&R, there is a lack of complete diversity between the parties in that plaintiffs and at least one defendant, Ms. Murad, are citizens of New Jersey, and also that Ms. Murad did not consent to removal; and

**IT APPEARING** that federal diversity jurisdiction is lacking unless the defendant can demonstrate that an exception to the complete diversity rule applies; and

**IT APPEARING** that no exception applies as the doctrine of fraudulent joinder is inapplicable, as Judge Hammer found, and the U.S. Court of Appeals for the Third Circuit has yet to endorse the doctrine of fraudulent misjoinder or otherwise outline what constitutes egregious misjoinder;

And the Court finding itself in substantial agreement with, and therefore adopting, Judge Hammer's well-reasoned R&R;

**IT IS** this 31st day of December, 2019,

**ORDERED** that the Report and Recommendation (DE 14) is **ADOPTED and AFFIRMED** pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b)(3);[1] and it is further

**ORDERED** that the motion to remand (DE 6) is **GRANTED**. The cross-motion to sever the claims against Ms. Murad and opposition to the motion to remand (DE 7) is **DENIED**; and it is further

**ORDERED** that this case be **REMANDED** to the Superior Court of New Jersey, Law Division, Essex County.

---

[1] "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also U.S. v. Raddatz*, 447 U.S. 667, 680 (1980) (stating that the district court judge has broad discretion in accepting or rejecting the magistrate's recommendation).

The clerk shall close the file.

_____
KEVIN MCNULTY, U.S.D.J.